IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JENNIFER ALBERO, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. JKB-24-1100 |
| WORCESTER COUNTY BOARD OF COMMISSIONERS, et al., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM & ORDER

As the Court has previously explained, all claims against Wellpath, LLC ("Wellpath") were automatically stayed following Wellpath's declaration of Chapter 11 bankruptcy on November 11, 2024. (ECF No. 70 at 1; ECF No. 72 at 1.) The parties later indicated that the bankruptcy court "confirmed that the automatic stay applies to claims against Wellpath and its employees," (ECF No. 75 at 1), prompting this Court to stay Plaintiffs' claims against Wellpath-affiliated defendants. (*See* ECF No. 76 at 1; *see generally* ECF No. 77 at 1 n.2.)

There are currently two pending motions to dismiss brought by defendants affiliated with Wellpath. (*See* ECF Nos. 53, 64.) In its recent Memorandum, the Court expressly declined to rule on these motions. (*See* ECF No. 77 at 1 n.2.) It will now deny them without prejudice.

Federal courts have repeatedly concluded that denials of motions without prejudice, devoid of any consideration of the merits, do not violate the automatic stay, irrespective of whether those motions were brought by or against parties subject to the same. *See, e.g., Anderson v. Horton*, Civ. No. RCB-18-642, 2019 WL 4932847, at *2 (D.N.M. Oct. 7, 2019) (collecting cases); *Berkshire Bank v. Red Skys LLC*, Civ. No. KGA-24-10465, 2025 WL 322231, at *1–2 (E.D. Mich. Jan. 13, 2025) (same); *Perry v. Bath & Body Works, LLC*, 993 F. Supp. 2d 883, 897 (N.D. Ind.

2014) (denying without prejudice debtor-defendant's motion for summary judgment); *see generally In re Soares*, 107 F.3d 969, 973–74 (1st Cir. 1997) (explaining that "[m]inisterial acts . . . do not fall within the prospection of the automatic stay."). This is because the automatic stay "does not . . . affect the handling of a case in a manner not inconsistent" with the stay's purpose. *See Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988). As one bankruptcy court put it, "dismissal of [a motion] without prejudice does not result in the harms that the automatic stay is intended to avoid—most significantly, those resulting from the burdens on the debtor or trustee associated with the ongoing conduct of the litigation, and the potential for interference with the bankruptcy court's management of the *in rem* proceeding before it." *See In re Lyondell Chem. Co.*, 402 B.R. 596, 606 (Bankr. S.D.N.Y. 2009).

Against that backdrop, and in view of "[t]he need of a court to advance a crowded docket and to preserve respect for the integrity of its internal procedure," *see Dennis*, 860 F.2d at 872, it is ORDERED that the pending motions to dismiss brought by the Wellpath-affiliated defendants, (ECF Nos. 53, 64), are DENIED WITHOUT PREJUDICE.

DATED this 13 day of February, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge