IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JENNIFER ALBERO, *et al.*,** | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. JKB-24-1100 |
| **CHRISTINE WATSON, *et al.*,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

A status report on the bankruptcy proceedings affecting certain defendants in this matter was due on May 15, 2025. (ECF No. 88.) On May 22, the Court ordered the parties to file their status report forthwith, "and in any event before May 26, 2025." (ECF No. 89.) Although some defendants filed a status report the following day, those defendants were not the ones affected by Defendant Wellpath, LLC's bankruptcy proceedings, and thus were unable to advise the Court on the matter of interest. (*See* ECF No. 90.)

As of May 28, 2025, counsel for the Wellpath-affiliated defendants still have not apprised the Court of the status of the bankruptcy proceedings against Wellpath. Counsel's failure to meet the May 26 deadline amounts to the third time they have been late in filing a status report on this topic. (*See* ECF No. 88.)

A court is permitted to manage its docket in ways not inconsistent with the purpose of the automatic bankruptcy stay. *See generally Albero v. Worcester Cnty. Bd. of Comm'rs*, Civ. No. JKB-24-1100, 2025 WL 489963, at \*1 (D. Md. Feb. 13, 2025). Among other things, that allows it "to require counsel to keep the court informed of the progress of the bankruptcy even though [its] orders purported to stay the proceeding until the bankruptcy proceeding" concluded. *Dennis*

v. *A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988). It also allows it to sanction counsel when they "consistently fail[] to follow the court's orders." *Id.*

Counsel for the Wellpath-affiliated defendants are again DIRECTED to file a status report FORTHWITH, and in any event no later than Thursday, May 29, 2025.

DATED this 28 day of May, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge